**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**STACY KLEPACK,**

        Plaintiff,

v.                                             **Civil Action No. 5:12-CV-111
(BAILEY)**

**THE UNITED STATES OF AMERICA,
JOHN M. MITCHELL, M.D., and
WEIRTON MEDICAL CENTER, INC.,**

        Defendants.

**ORDER GRANTING MOTION TO DISMISS
DEFENDANT UNITED STATES OF AMERICA**

**I.    Introduction**

On this day, the above-styled matter came before this Court upon consideration of the Motion to Dismiss Defendant United States of America [Doc. 3], which was filed on July 19, 2012. To date, the plaintiff has failed to respond. This Court further notes that the plaintiff appears to be under the mistaken impression that this Court has already dismissed the United States. Nevertheless, for the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**II.    Factual and Procedural History**

On July 17, 2012, the United States of America removed the above-styled civil action from the Circuit Court of Brooke County, West Virginia, under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and the Federally Supported Health Center's Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. §§ 233(g)-(n), as amended [Doc. 1]. Removal under those provisions was based upon (1) a

determination by the Secretary of Health and Human Services, ("Secretary of HHS") that Kara O'Karma, D.O., an employee of CHANGE, Inc., d/b/a Family Medical Care Community Health Center, was deemed a Public Health Service employee and thus was eligible for FTCA coverage regarding malpractice allegations for acts or omissions occurring after February 15, 2008; and (2) a certification by the United States Attorney for this District certifying that Dr. O'Karma was an employee acting within the scope of her employment regarding the allegations contained in the Complaint [Doc. 1-1]. Thus, under the provisions of the FTCA and the FSHCAA, this action was properly removed. The United States was subsequently substituted as the defendant in place of Dr. O'Karma on July 19, 2012 [Doc. 6].

Actions for alleged negligence or wrongful acts or omissions of federal employees come within the provisions of the FTCA. Additionally, FSHCAA provides coverage to federally supported health centers and their employees for acts or omissions which occurred on or after January 1, 1993, or when the Health Center was deemed eligible for coverage, whichever is later. Dr. O'Karma was an employee of CHANGE, Inc., during the relevant time period alleged in plaintiff's Complaint. In this case, the Secretary of HHS has deemed Dr. O'Karma eligible for FTCA coverage pursuant to 42 U.S.C. § 233(a) for acts and omissions that occurred on or after February 15, 2008. Furthermore, in accordance with the provisions of the FTCA and FSHCAA, the United States Attorney for the Northern District of West Virginia has certified that Dr. O'Karma was acting within the scope of her employment in connection with the allegations contained within the plaintiff's Complaint. Thus, pursuant to the terms of the FTCA and the FSHCAA, the action was removed to this Court, and a Notice of Substitution was also filed, thereby completing the removal

procedure and substitution contemplated by the provisions of the FSHCAA and the FTCA.

The United States now moves this Court to dismiss it as a party to this action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks jurisdiction over the subject matter based upon plaintiff's failure to exhaust her administrative remedies.

### III.     Rule 12(b) Standards

A motion made pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject of the parties' dispute. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." **Bowman v. White**, 388 F.2d 750, 760 (4th Cir. 1968). A party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists. **McNutt v. Gen. Motors Acceptance Corp.**, 298 U.S. 178, 189 (1936).

Where, as in this case, the Federal Tort Claims Act ("FTCA") is implicated, the Court reviews subject matter jurisdiction pursuant to 12(b)(1) of the Federal Rules of Civil Procedure where the United States had not waived its sovereign immunity. **Williams v. United States**, 50 F.3d 299, 304 (4th Cir. 1995); citing **Kirchmann v. United States**, 8 F.3d 1273, 1275 (8th Cir. 1993). In **Kerns v. United States**, 585 F.3d 187 (4th Cir. 2009), the Fourth Circuit applied the standard adopted in its earlier decision in **Adams v. Bain**, 697 F.2d 1213 (4th Cir. 1987), wherein the Court discussed two methods for pursuing a 12(b)(1) challenge:

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts

3

alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

*Adams*, 697 F.2d at 1219 (footnote omitted).

Thus, when reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 564 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). Further, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).

IV. **Applicable Law**

"[T]he question of whether a state law tort can be applied against the United States is exclusively one of federal law. Claimants obtain their 'right to sue [the federal government] from Congress [and they] necessarily must take it subject to such restrictions

4

as have been imposed.'" ***Dalehite v. United States***, 346 U.S. 15, 31 (1953) (quoting ***Fed. Hous. Admin. v. Burr***, 309 U.S. 242, 251 (1940)).

Thus, it is well established that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." ***Lehman v. Nakshian***, 453 U.S. 156, 160 (1981)(citations omitted). Absent an express waiver of its immunity, the United States is immune from all suits. ***Welch v. United States***, 409 F.3d 646, 651 (4th Cir. 2005) (citing ***United States v. Sherwood***, 312 U.S. 584, 586 (1941)). The United States has consented to a waiver of sovereign immunity for certain tort claims through the FTCA, 28 U.S.C. § 1346(b), 2671, *et seq.*

## V.  Discussion

Insofar as the provisions of the FTCA require that before filing a lawsuit, a plaintiff must present for consideration an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). In this case, no administrative claim has been filed or presented to the Secretary of HHS regarding alleged acts or omissions of Dr. O'Karma. The United States has attached a Declaration [Doc. 4-1] executed by Meredith Torres, Senior Attorney, Claims and Employment Law Branch, General Law Division, Office of General Counsel, Department of Health and Human Services, which certifies that no administrative claim has been filed with the agency in connection with the allegations in the plaintiff's Complaint.

As previously noted, prior to the commencement of a civil action in tort against the United States pursuant to the FTCA, a plaintiff must first exhaust her administrative remedies as set forth in 28 U.S.C. § 2675(a). ***Plyler v. United States***, 900 F.2d 41, 42 (4th

Cir. 1990). Because this requirement is jurisdictional, it cannot be waived. ***McNeil v. United States***, 508 U.S. 106 (1993); ***Perkins v. United States***, 55 F.3d 910, 917 (4th Cir. 1995); ***Berlin v. United States***, 9 F.Supp.2d 648, 650 n.4 (S.D. W.Va. 1997).

Accordingly, it is apparent that the action against the United States of America, as substituted defendant on behalf of Dr. O'Karma is subject to dismissal for failure by the plaintiff to exhaust her administrative remedies pursuant to the FTCA. ***Brown v. Health Service, Inc.***, 971 F.Supp. 518 (M.D. Ala. 1997)

**VI.　Conclusion**

Therefore, based upon the foregoing, this Court is of the opinion that the United States' Motion to Dismiss **[Doc. 3]** should be, and the same is, hereby **GRANTED**. Accordingly, the claims against the United States of America are hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** August 22, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE